# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:03CR113

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| WILLIAM CHERRY ) | |

**THIS MATTER** is before the Court on the Defendant's motion for credit for time spent on electronic monitoring. The motion is denied.

The Defendant was arrested on September 30, 2003, and ordered to be released on bond on October 6, 2003. On October 16, 2003, the Defendant was ordered to undergo electronic monitoring while he remained on home detention as a condition of his pretrial release. In the electronic monitoring agreement, to which the Defendant specifically agreed, and the Order, it was explicitly stated that the "Defendant understands and agrees that any time spent in home detention under electronic monitoring will <u>not</u> be credited as time served at any future sentence." **Order, filed October 16, 2003.** Despite

this explicit statement, the Defendant now seeks an amendment of his Judgment of Conviction to provide for such credit.

The Attorney General of the United States, not the sentencing court, has the authority to compute the amount of presentence credit. **United States v. Wilson, 503 U.S. 329 (1992).** And, any challenge to the computation of a sentence must be brought in the district of confinement. **United States v. Odiana, 7 F.3d 1227 (table), 1993 WL 359159, **1 (4th Cir. 1993) (citing United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)).** Assuming *arguendo* that this Court had jurisdiction to entertain the motion, it would be denied. Title 18 U.S.C. § 3585(b) provides in pertinent part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>    (1) as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence.

**18 U.S.C. § 3585(b).**

> Conditions of release are not custody. "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration."

*United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (quoting *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989)*. This Circuit has also denied credit for time spent in a substance abuse treatment center, rejecting the prisoner's arguments that a broad definition of "official detention" should include time released on bond based on the "degree of restraint" to which the defendant was subjected during pretrial release. *Randall v. Whelan*, 938 F.2d 522 (4th Cir. 1991); *accord, United States v. Bowe*, 309 F.3d 234, 239 (4th Cir. 2002)*. Thus, home detention under the terms of electronic monitoring do not qualify as official detention.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to correct judgment is hereby **DENIED**.

Signed: November 14, 2005

Lacy H. Thornburg
United States District Judge